### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. _____1:20-cv-00561_____

TRACY L WORSHAM, individually, and on behalf of all others similarly situated,

   Plaintiff,

v.

MIDWEST RECOVERY SYSTEMS LLC,

   Defendant.

### CLASS ACTION COMPLAINT

NOW COMES Plaintiff, TRACY L. WORSHAM, individually, and on behalf of all other similarly situated, through undersigned counsel, complaining of Defendant, MIDWEST RECOVERY SYSTEMS LLC, as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for invasion of privacy by seclusion as well as violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.
3. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1334.
4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. TRACY L. WORSHAM ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Colorado Springs, Colorado.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. MIDWEST RECOVERY SYSTEMS, LLC ("Defendant") is a limited liability company organized and existing under the laws of Missouri.

9. Defendant has a principal place of business at 514 Earth City Plaza, Suite 100, Earth City, Missouri 63045.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

12. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 5290.

14. At all times relevant, Plaintiff's number ending in 5290 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

16. Plaintiff applied for and received a Mastercard issued by Celtic Bank Corporation.

17. Over time, Plaintiff made personal charges on this credit card.

18. Plaintiff defaulted on payments.

19. Plaintiff's account, once unpaid, was referred for collection.

20. Plaintiff started to receive phone calls from Defendant seeking to collect on Plaintiff's $746.71 balance.

21. On numerous occasions, Plaintiff answered.

22. Often times, Plaintiff was met by an automated, machine-operated voice prompting Plaintiff to: "... please return this call …"

23. On multiple occasions, Plaintiff returned Defendant's call only to tell them to stop calling.

24. Unfortunately, these phone calls continue.

25. To date, dozens of phone calls have been received from number(s) leading back to Defendant – including, (563) 217-4577 and (563)-514-4664.

26. Defendant's phone calls resulted in aggravation that accompanies persistent and unwanted phone calls, anxiety, distress, increased risk of personal injury resulting from distraction, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of concentration, nuisance, stress, and wasted time.

27. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices stopped.

28. Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys to put an end to Defendant's unlawful collection practices.

## CLASS ALLEGATIONS

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated (the "Putative Classes") defined as follows:

### FDCPA Class

*All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) within the one year preceding the date of this complaint through the date of class certification; (3) in connection with the collection of a consumer debt; (4) after he/she requested that Defendant cease calls to his/her telephone number.*

### TCPA Class

*All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) within the four years preceding the date of this complaint through the date of class certification; (5) after he/she requested that Defendant cease calls to his/her telephone number.*

31. The following individuals are excluded from the Putative Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly

execute and file a timely request for exclusion from the Putative Classes; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.     Numerosity**

32.     Upon information and belief, the members of the Putative Classes are so numerous that joinder of them is impracticable.

33.     The exact number of the members of the Putative Classes is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

34.     The members of the Putative Classes are ascertainable because the classes are defined by reference to objective criteria.

35.     The members of the Putative Classes are identifiable in that their names, addresses and telephone numbers can be identified in business records maintained by Defendant.

**B.     Commonality and Predominance**

36.     There are many questions of law and fact common to the claims of Plaintiff and the Putative Classes, and those questions predominate over any questions that may affect individual members of the Putative Classes.

**C.     Typicality**

37.     Plaintiff's claims are typical of members of the Putative Classes because Plaintiff and members of the Putative Classes are entitled to damages as result of Defendant's conduct.

**D.     Superiority and Manageability**

38. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

39. The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution.

40. By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

41. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.   Adequate Representation**

42. Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

43. Plaintiff has no interests antagonistic to those of the Putative Classes, and Defendant has no defenses unique to Plaintiff.

44. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

**CLAIMS FOR RELIEF**

**COUNT I:
Invasion of Privacy by Seclusion
(On behalf of Plaintiff)**

45. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

6

46. In Colorado, "to prevail on a claim for intrusion upon seclusion as a violation of one's privacy, a plaintiff must show that another has intentionally intruded, physically or otherwise, upon the plaintiff's seclusion or solitude, and that such intrusion would be considered offensive by a reasonable person." *Doe v. High-Tech Inst., Inc.*, 972 P.2d 1060, 1065 (Colo. App. 1998), *cert. denied* (Colo. Mar. 1, 1999).

47. This tort can encompass conduct such as persistent and unwanted telephone calls. *Quigley v. Rosenthal*, 327 F.3d 1044, 1073 (10th Cir. 2003) (citing *High-Tech Inst.*, 972 P.2d, at 1067.

48. Defendant's persistent and unwanted phone calls to Plaintiff violated Plaintiff's right to privacy based on an intrusion upon her seclusion. *See Dunlap v. McCarthy*, 284 Ark. 5, 678 S.W.2d 361 (1984); see generally W. Prosser & W. Keeton, Torts 117 (5th ed. 1984) (examples of intrusion upon seclusion include eavesdropping by wiretapping and persistent and unwanted telephone calls).

49. Taking into account Plaintiff's request(s) that Defendant stop calling, Defendant's persistent and unwanted telephone calls would be highly offensive to a reasonable person.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Plaintiff's right to privacy based on an intrusion upon her seclusion;

B. an award of actual damages;

C. an award of punitive damages; and

D. an award of such other relief as this Court deems just and proper.

## COUNT II:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)
### (On behalf of Plaintiff and the Members of FDCPA Class)

50. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

51. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

52. Defendant violated 15 U.S.C. § 1692d(5) by repeatedly or continuously calling Plaintiff after being asked to stop. *See Chiverton v. Federal Financial Group, Inc.*, 399 F. Supp. 2d 96 (D. Conn. 2005) (finding that repeated calls after the consumer had asked debt collector to stop calling amounted to harassment).

53. The phone calls at issue were intended to be annoying, abusive, or harassing.

54. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

    (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Class, requests the following relief:

A.     an order granting certification of the proposed class, including the designation of Plaintiff as the named representatives, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B.     a finding that Defendant violated 15 U.S.C. § 1692d(5);

C.     an order enjoining Defendant from further violation(s) of 15 U.S.C. § 1692d(5);

D.     an award of any actual damages sustained by Plaintiff and the Members of the Putative Class as a result of Defendant's violation(s);

E.     an award of such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

F. an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

G. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

H. an award of such other relief as this Court deems just and proper.

## COUNT III:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)
### (On behalf of Plaintiff and the Members of TCPA Class)

55. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

56. Defendant placed or caused to be placed dozens of non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

57. As plead above, Defendant used an artificial or pre-recorded voice which automatically played once Plaintiff answered Defendant's phone calls.

58. As result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

59. As result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Class, requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C. an order enjoining Defendant from placing or causing to place further violating calls to consumers;

D. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation;

F. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

G. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: February 28, 2020                    Respectfully submitted,

**TRACY L. WORSHAM**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
Victor T. Metroff
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com
vmetroff@sulaimanlaw.com